Gants, Ralph D., J.
In 2001, State Police Trooper David Fisher filed suit in Worcester County Superior Court against the Commonwealth of Massachusetts, the Department of State Police, senior commanders of the State Police, and Sgt. Bruce Lint of the State Police, alleging violation of his civil rights. David Fisher v. Bruce Lint et al., Civ. No. WOCV2001-613B. Sgt. Lint retained attorneys Leonard Kesten and Thomas Campbell of the law firm of Brody, Hardoon, Perkins and Kesten, LLP (“the Brody Firm”) to represent him in this civil rights action. On November 6, 2001, Sgt. Lint wrote Eleanor Sinnott, the State Police Chief Legal Counsel, informing her that he had been named as a defendant in the Fisher case and had retained the Brody Firm to represent him, and asking that he be indemnified pursuant to G.L.c. 258, §9A. In her written response to Sgt. Lint, Sinnott declared, “Indemnification will be made in accordance with M.G.L.c. 258, §2 and 9A and any other applicable law.”
The Brody Firm later submitted legal bills for payment by the State Police for its work in defense of Sgt. Lint, in which Kesten’s time was billed at $300 per hour and Campbell’s time at $200 per hour. The State Police, however, only paid for their time at the $125 per hour rate that it pays all attorneys who defend State Police personnel in civil rights actions. Having obtained from Sgt. Lint an assignment of any right he may have to indemnification for legal fees, the Brody Firm then brought this instant complaint which, under various legal theories, essentially seeks a legal declaration from this Court that the Commonwealth of Massachusetts, in accordance with its obligation under G.L.c. 258, §9A to indemnify State Troopers for the legal fees and costs they incur in defending themselves against civil rights claims, must pay Sgt. Lint’s legal fees at the hourly rate billed by Kesten and Campbell rather than the $125 per hour rate. All parties have cross moved for summary judgment.
DISCUSSION
Under the Massachusetts Tort Claims Act, a State Police officer, like other state employees, is not personally liable for any injury arising from his negligence committed while acting within the scope of his employment; only his public employer is liable. G.L.c. 258, §2. If a plaintiff were improperly to file suit individually against the State Police officer in a negligence action, the police officer “may request representation by the public attorney of the commonwealth.” Id. “If, in the opinion of the public attorney, representation of the public employee . . . would result in a conflict of interest, the public attorney shall not be required to represent the public employee.” Id. When there is such a conflict, the public employee may retain private counsel, and “the commonwealth shall reimburse the public employee for reasonable attorney fees incurred by the public employee in his defense of the cause of action ...” Id.
If a state employee, other than a State Police officer, is sued for an alleged intentional act or for an alleged violation of civil rights committed while acting within the scope of his employment, the Commonwealth “may” indemnify him “from personal financial loss, all damages and expenses, including legal fees and costs” arising out of the claim in an amount not to exceed $1,000,000. G.L.c. 258, §9 (emphasis added). IfaState Police officer, however, as here, is sued for an alleged intentional act or for an alleged violation of civil rights committed while acting within the scope of his employment, “the commonwealth, at the request of the affected police officer, shall provide for the legal representation of said police officer.” G.L.c. 258, §9A (emphasis added). Section 9A further provides:
*98 The commonwealth shall indemnify members of the state police . . . from all personal financial loss and expenses, including but not limited to legal fees and costs, if any, in an amount not to exceed one million dollars arising out of any claim, action, award, compromise, settlement or judgment resulting from any alleged intentional tort or by reason of an alleged act or failure to act which constitutes a violation of the civil rights of any person under federal or state law; provided, however, that this section shall apply only where such alleged intentional tort or alleged act or failure to act occurred within the scope of the official duties of such police officer.
Presently, the State Police provides for the legal representation of a State Police officer sued for an alleged civil rights violation in three alternative ways. First, the State Police officer may request representation from the Office of the Attorney General at no expense to the officer. Second, the Attorney General’s Office and/or the State Police may determine, under the circumstances of the case, that there is a conflict of interest or other need to appoint a Special Assistant Attorney General to represent the officer, again at no expense to the officer. Third, the State Police officer may notify the State Police that he intends to retain private counsel. When the officer retains private counsel, that attorney is told by the State Police that it will pay him at the hourly rate of $125 per hour and that he must comply with the billing rules applicable to outside counsel.
To apply the provisions in Section 9A regarding the payment of attorneys fees, the Department of State Police and the Executive Office of Administration and Finance (“A&F”) have promulgated regulations establishing “procedures and standards” for the indemnification of private legal fees arising out of civil rights claims brought against State Police officers. 515 CMR 4.01 et seq. Under these regulations, “[t]he public safety employee shall give written notification to his or her employer at the outset that he or she has been sued and intends to retain private counsel.” 515 CMR 4.02(1). There is no dispute that Sgt. Lint gave such notice here.[1] When a claim is made for indemnification of private legal fees and costs, “no claim . . . shall be approved unless the employer agency has determined that those fees and costs are reasonable and necessary.” 515 CMR 4.02(2). “Maximum hourly rates for private defense attorneys shall be set at the standard hourly rate which the Attorney General pays to Special Assistant Attorneys General.” 515 CMR 4.02(3).
It is undisputed that the State Police has one hourly rate that it pays for all time incurred by attorneys representing State Police officer defendants in civil rights actions$125 per hour. The origin of that hourly rate is somewhat murky. According to the testimony in the summary judgment record, it was the hourly rate negotiated with A&F in 1997 by attorney Timothy Burke (who represents many State Police officers in such actions) concerning his legal fees, and A&F then told the State Police orally that this is the hourly rate to be paid to all privately retained attorneys representing officers in civil rights actions.[2] It is undisputed that the State Police never made an independent determination that the $125 hourly rate was the reasonable hourly rate to pay attorneys Kesten and Campbell for their work in this case. The State Police simply understood that this was the hourly rate that A&F had directed them to allow. It is also undisputed that this hourly rate was not set by the Attorney General and does not reflect the “standard hourly rate which the Attorney General pays to Special Assistant Attorneys General.” Indeed, it is also undisputed that the Attorney General has no fixed “standard hourly rate” that it pays to all Special Assistant Attorneys General. According to a letter written by the Attorney General’s Office of Legal Counsel, “Rates of compensation from the [Office of the Attorney General] are determined pursuant to the Attorney General’s discretionary authority to establish salaries for ‘assistants and employees as the duties of the department require.’ M.G.L.c. 12, §2.”
Therefore, it is plain that the State Police, by accepting what it understood to be A&F’s directive to pay private attorneys under Section 9A a fixed hourly rate of $125 per hour, is violating the regulation it helped to promulgate in two ways. First, this maximum hourly rate was set in 1997 and remains unchanged today without any determination by the State Police that it is a “reasonable” hourly rate to pay these attorneys in this case. Second, there is no evidence that the maximum hourly rate set in 1997 reflected then (and continues to reflect today) the standard hourly rate that the Attorney General, in his discretion, would pay to these private attorneys for comparable work as appointed Special Assistant Attorneys General. See Royce v. Commissioner of Correction, 390 Mass. 425, 427 (1983) (“Once an agency has seen fit to promulgate regulations, it must comply with those regulations”); Town of Northbridge v. Town of Natick, 394 Mass. 70, 76 (1985) (“An agency must follow its own regulations even in the face of inconsistent internal guidelines”).
While it is easy to determine that the State Police is failing to act in conformance with its own regulations in paying privately retained attorneys under Section 9A, it is less easy to determine how it must pay such attorneys in conformance with applicable statutes and its own regulations. Section 9A does not grant a State Police officer the right to retain private counsel and be indemnified for the legal fees incurred. Rather, Section 9A simply provides that, at the police officer’s request, the Commonwealth “shall provide for the legal representation of said police officer.” G.L.c. 258, §9A. The Commonwealth could satisfy this statutory obligation simply by having an Assistant Attorney General represent the police officer or, if there is a conflict, having *99 the Attorney General appoint a Special Assistant Attorney General to represent him. The State Police, however, in its discretion, has chosen to give its officers the third alternative of retaining their own private counsel by promulgating 515 CMR 4.02.
With this third alternative, the State Police has not agreed to give privately retained counsel the equivalent of “a blank check”the right to be reimbursed by the Commonwealth for any legal fee he chooses to charge his client police officer. Instead, the State Police regulations provide that an indemnification claim for attorneys fees and costs shall be approved only when the State Police determines that the fees and costs “are reasonable and necessary.” 515 CMR 4.02(2). The regulations do not provide guidance as to what is a reasonable hourly billing rate.[3] Presumably, the reasonableness of attorneys fees depends on at least two factors: the reasonableness of the hourly billing rate and the reasonableness of the amount of time billed. The reasonableness of the hourly rate presumably would depend on at least three sub-factors: the difficulty of the legal work, the amount at stake, and the experience and ability óf the private attorney retained. Having chosen to give its officers the abilily to retain private counsel of their choice to defend them against civil rights claims, the State Police must determine the reasonableness of the hourly rate charged considering the experience and abilily of the private attorney actually retained, not the experience and ability of the private attorney whom the Attorney General might have retained as a Special Assistant Attorney General to represent the police officer in this case if the police officer had opted for that alternative. Moreover, the determination as to the reasonableness of the hourly rate must be made mindful of the risk that the police officer will be required to pay the attorney the difference between his attorney’s hourly rate and the rate deemed “reasonable" by the State Police, and therefore may not be wholly indemnified if the “reasonable” rate is below the rate billed. See Fillipone v. Mayor of Newton, 392 Mass. 622, 628 (1984) (“Provisions for indemnity should be construed in a manner which will effectuate their purpose”). Here, the State Police has failed to make any determination as to whether the hourly rates charged by attorneys Kesten and Campbell were “reasonable” under the circumstances of this case. Instead, it has abdicated that responsibility and simply followed what it understood to be an old oral directive of A&F.
While the regulations are silent as to what constitutes a “reasonable” hourly rate, they do declare a maximum beyond which the State Police will not pay"the standard hourly rate which the Attorney General pays to Special Assistant Attorneys General." 515 CMR 4.02(3). This provision reasonably can be understood to mean that the State Police will not pay a privately retained attorney more than it would have paid if a Special Assistant Attorney General had been appointed by the Attorney General to represent that police officer. While A&F and State Police, in promulgating this regulation, appeared to have been under the erroneous impression that the Attorney General had a standard hourly rate it paid to Special Assistant Attorneys General, the spirit of that regulation still appliesthe State Police will not pay more to the private counsel selected by the State Police officer than it would have paid had a Special Assistant Attorney General been appointed by the Attorney General to represent that police officer. Since the Attorney General, having resisted the inflexibility of a standard hourly rate, determines in his discretion how much each Special Assistant Attorney General should be paid, the regulation effectively means that the State Police must look either to the Attorney General’s Office for guidance as to the maximum hourly rate to be paid to these privately retained attorneys or to the Attorney General’s recent experience in retaining Special Assistant Attorneys General in comparable cases. The summary judgment record is silent as to what the Attorney General would pay these privately retained attorneys in this or a comparable case.
The cross motions for summary judgment essentially give the Court two choicesallow the plaintiffs motion and order the State Police to pay the amounts billed, or allow the defendants’ motion and permit the State Police to limit payment to $125 per hour. This Court, on this summary judgment record, is not ready to make either of those choices and therefore RESERVES decision on the cross motions for summary judgment. Before such a decision can be made:
1. the State Police must first exercise its obligation under 515 CMR 4.02(2) to determine whether the hourly rates billed by the two attorneys are “reasonable." Such a determination must be made no later than November 4, 2005;[4] and
2. the summary judgment record needs to be supplemented with evidence either (a) as to what the Attorney General would pay these privately retained attorneys in this case or (b) as to what the Attorney General has paid Special Assistant Attorneys General of similar experience in comparable recent cases.
This Court will permit the parties to re-open discovery for a period of three months (until January 6, 2006) for the limited purpose of obtaining this necessary evidence. Each party may file supplements to the summary judgment record no later than February 10, 2006. This Court will hear the renewed cross motions for summary judgment on February 28, 2006 at 3 p.m.[5]
ORDER
For the reasons stated above, the cross motions for summary judgment are RESERVED. Before such a decision can be made:
*100 1. the State Police must first exercise its obligation under 515 CMR 4.02(2) to determine whether the hourly rates billed by the two attorneys are “reasonable." Such a determination must be made no later than November 4, 2005; and
2. the summary judgment record needs to be supplemented with evidence either (a) as to what the Attorney General would pay these privately retained attorneys in this case or (b) as to what the Attorney General has paid Special Assistant Attorneys General of similar experience in comparable recent cases.
This Court will permit the parties to re-open discovery for a period of three months (until January 6, 2006) for the limited purpose of obtaining this necessary evidence. Each party may file supplements to the summary judgment record no later than February 10, 2006. This Court will hear the renewed cross motions for summary judgment on February 28, 2006 at 3 p.m.

 Attorney Campbell has attested, “Throughout the litigation, it has been apparent that [the Brody Firm] (as opposed to the Attorney General’s office) represents Sgt. Lint due to the potential for a conflict of interest in that case.” While attorney Campbell contends that there would be a potential for a conflict of interest if the Attorney General were to represent Sgt. Lint (since the Attorney General represents the Commonwealth, the State Police, and the Colonel of the State Police in the Fisher litigation), it appears that neither the Attorney General nor the State Police have made any determination that the potential for a conflict of interest required the appointment of a Special Assistant Attorney General to represent Sgt. Lint. The summary judgment record is unclear as to whether no such determination was made because the issue was rendered moot once Sgt. Lint declared that he wished to retain private counsel, or because the Attorney General and the State Police did not believe there was a conflict of interest.

 No writing has been located communicating this directive.

 Nor does G.L.c. 258, §2 provide guidance as to how to determine whether attorneys fees are "reasonable” when a public employee in a negligence action must retain private counsel because of a conflict of interest with the public attorney.

 While an agency determination as to what constitutes reasonable attorneys fees is owed great deference by the courts, it is still subject to review in the Superior Court. See Pinshaw v. Metropolitan Dist. Com’n, 402 Mass. 687, 693 (1988) (“if indemnification is disputed, the officer’s entitlement is determined in the Superior Court”).

 Of course, nothing precludes the parties from settling this dispute once this additional evidence is elicited.